[No. 13238.   Department Two. — January 13, 1890.]

IDA HITCHCOCK, BY HER GUARDIAN, ETC., RESPOND-
ENT, *v.* W. A. CARUTHERS, APPELLANT.

PLEADING — GENERAL DEMURRER — STIPULATION OVERRULING DEMURRER
— ESTOPPEL. — A stipulation that a demurrer to the complaint may be
overruled, and the defendant allowed to answer within a certain time,
does not estop the defendant from relying at any future stage of the
case, under section 434 of the Code of Civil Procedure, on the alleged
failure of the complaint to state sufficient facts to constitute a cause of
action.

JURY TRIAL — ELEVEN JURORS — PRESUMPTION AS TO CONSENT — APPEAL.—
Where it appears that the case was tried with only eleven jurors, the ap-
pellate court will not presume that the appellant was compelled to go to
trial against his consent with less than twelve jurors, where the record
not only fails to show any objection or exception on that point, but states
that a jury of eleven persons was regularly impaneled and sworn to
try the action.

SLANDER — ASSAILING CHASTITY.— Slanderous words which impute to plain-
tiff a want of chastity are actionable *per se.*

ID. — CHARGING UNMARRIED WOMAN WITH SEXUAL INTERCOURSE — PLEAD-
ING. — A complaint which shows that plaintiff is an infant of seventeen
years, who sues by a guardian *ad litem*, and averring that certain slan-
derous words imputing a want of chastity were spoken of her as a girl,
and charged her with being kept by a man of different family name as
his mistress, sufficiently shows that plaintiff is an unmarried woman,
and not the wife of the man whose name is connected with her in the
alleged slanders.

ID. — PUBLICATION OF SLANDER — KNOWLEDGE OF MEANING. — A complaint
which alleges that "in a certain discourse which the defendant had in
the presence of divers good and worthy persons, the defendant falsely
and maliciously spoke of and concerning the plaintiff" certain false and
malicious words, specifically set out in the complaint, which imputed a
want of chastity to her in the use of her first name, "meaning this
plaintiff," sufficiently shows that the persons to whom the slanderous
words are alleged to have been spoken knew that they were spoken of
and concerning the plaintiff.

ID. — EVIDENCE — IMPEACHING PLAINTIFF'S CHARACTER FOR CHASTITY —
PROOF OF PARTICULAR ACTS — REBUTTAL. — When a witness for defend-
ant has impeached plaintiff's general reputation for chastity, and on cross-
examination testified without objection that he had seduced plaintiff,
and had come from another county to testify against plaintiff, and on
re-examination testifies further, without objection, to particular acts of
illicit intercourse with plaintiff, it is competent and admissible for plain-
tiff, in rebuttal, to testify that she was not acquainted with the witness,
and that he had never offered or suggested any improper liberties.   The
plaintiff had a right to show that the witness came from a place beyond
the reach of a subpœna to voluntarily testify to his own undue intimacy
with her, and to show, by express testimony if she could, that his state-
ment was absolutely false.

ID. — IMPEACHING PLAINTIFF'S CHARACTER UNDER GENERAL ISSUE — APPEAL
— OBJECTION FOR FIRST TIME. — Without deciding whether section 461
of the Code of Civil Procedure has abrogated the common-law rule which
allowed the character of a plaintiff in a slander suit to be attacked under
the general issue, and precludes proof of mitigating circumstances not
alleged in the answer, respondent cannot raise the objection for the first
time on appeal, if evidence of character was allowed to go before the jury
without objection.

APPEAL from a judgment of the Superior Court of
Fresno County, and from an order denying a new trial.

The third count of the complaint alleged "that on the
twenty-fourth day of December, 1887, at the city and
county of Fresno, in a certain other discourse which the
defendant then had in the presence of divers good and

worthy persons, ·he defendant falsely and maliciously spoke of and concerning this plaintiff the false and malicious words following: 'Bob [meaning R. E. Scronce] was using Ida [meaning this plaintiff] as a mistress.'"
Further facts are stated in the opinion of the court.

*R. H. Ward, Meux & Edwards,* and *P. D. Wigginton,* for Appellant.

*Church & Cory,* and *Grady & Welsh,* for Respondent.

McFARLAND, J. — Action for slander. Judgment for plaintiff, from which, and from an order denying a new trial, defendant appeals.

1. Appellant contends that the complaint does not state facts sufficient to constitute a cause of action. Respondent contends that this point cannot be heard here, because after appellant had demurred to the complaint on that ground in the court below he stipulated that the demurrer might be overruled, and defendant allowed to answer within a certain time. It is not necessary to determine what consequence would have followed if appellant had expressly stipulated that the complaint *did* state a cause of action; for it is evident that the stipulation in this case did not go to that extent, and, under any view of the law, did not estop appellant from relying, at any future stage of the case, under section 434 of the Code of Civil Procedure, on the alleged failure of the complaint to state sufficient facts.

But we think that the complaint *does* state facts sufficient to constitute a cause of action. The main objections made by the appellant to the sufficiency of the complaint are: 1. That there is no distinct averment that plaintiff was an unmarried woman, and therefore she may have been the wife either of the defendant or of the man with whom defendant charged her with having sexual intercourse; and 2. That the language alleged to have been used by defendant does not impute

to plaintiff a want of chastity. The plaintiff named in the complaint is "Ida Hitchcock, an infant, by her guardian *ad litem*, L. W. Scronce," and she is averred to be of the age of seventeen years. The slanderous language alleged to have been used by defendant about plaintiff refers to her as "the girl." He is alleged to have said, among other things, that a certain man named Scronce "was cohabiting with plaintiff as his mistress"; that "he was keeping the girl for immoral purposes"; and that he "was using Ida as his mistress." This, with other language not repeated here, shows that plaintiff was a young unmarried woman, and shows most clearly at least that she was not the wife of the man whose name was connected with her in the alleged slanders.

That the alleged slanderous language imputes to plaintiff a want of chastity is too plain to warrant discussion. We shall not repeat the language here; it is sufficient to say that it charges a want of chastity, not only in plain, but in most gross and indecent terms. And language imputing a want of chastity is actionable *per se*. (Civ. Code, sec. 46.)

We think that the complaint sufficiently shows that the persons to whom the slanderous words are alleged to have been spoken knew that they were spoken of and concerning plaintiff. This is particularly true of the third count.

2. Appellant asks for a new trial, because it appears that the case was tried with only eleven jurors. But we will not presume the extraordinary spectacle of a court compelling a party to go to trial against his consent with less than twelve jurors, upon a record which not only fails to show any objection or exception on the point, but which does state that " a jury of eleven persons was regularly impaneled and sworn to try said action."

3. There is an exception to a ruling of the court about the admissibility of evidence. One Hardwick, called as a witness for defendant, testified that the general reputa-

tion of plaintiff for virtue was bad.    On cross-examination, he was asked if one Carlisle had not gone to San Benito County, where Hardwick lived, and brought him down to Fresno County as a witness; if he had not told Carlisle that he, Hardwick, had seduced plaintiff; and if he had not told Carlisle that he would swear that he had seduced plaintiff.    No objection was made by defendant to either of these questions, and the witness answered them all in the affirmative.    On further cross-examination, he stated, without objection from defendant, that he had seduced plaintiff about three years previous to the trial, at which time she must have been not over fourteen years old.    The defendant then took the witness again, and, upon redirect examination, led him to give a detailed account of the circumstances under which he claimed to have had illicit intercourse with plaintiff, and to swear that he had not "seduced" her in the ordinary sense of the word, because, as he testified, she had been unchaste with others before her alleged relation with him.    Plaintiff was afterward recalled on her own behalf, and after having testified that she had never had any acquaintance with the witness Hardwick, was asked by her attorney this question: "Did he at any time offer or suggest any improper liberties with you?"    To this question the defendant objected as "irrelevant, immaterial, and incompetent, and not in rebuttal of anything in the case that was brought out by the defense."    The objection was overruled, and defendant objected.    The witness answered the question, and one or two other questions of similar import, in the negative,

The testimony was not "incompetent"; that is, if the fact sought to be proved was a proper fact to *be* proved, the testimony offered to prove it was not secondary, or hearsay, or not the best evidence, or not the evidence prescribed by the statute in a particular case, or within any of the categories of *incompetent* evidence.    And a

denial of the grave charges made by Hardwick was certainly neither "irrelevant" nor "immaterial." Neither was it "not in rebuttal of anything in the case that was brought out by the defense." If the defendant had let the witness Hardwick alone when plaintiff had concluded the cross-examination, this particular phase of the objection would have presented a somewhat different aspect; but he took the witness again, and drew out new matters on redirect examination, of which the testimony of plaintiff was clearly in rebuttal. Moreover, considering the things which usually and properly influence human belief, we think that plaintiff had a right to show that the witness came from a place beyond the reach of a subpœna to voluntarily testify to his own undue intimacy with a young girl; and that, in addition to the extent to which that fact alone might weaken his testimony before the jury, the plaintiff had a right to show by express testimony, if she could, that his statement was absolutely false. We think, therefore, that there was no error in admitting the evidence.

(Respondent contends that no alleged errors in ruling on the admission of evidence on the subject of plaintiff's character for chastity can be considered, because her character is not assailed by any averment in the answer; that the common-law rule which allowed the character of a plaintiff in a slander suit to be attacked under the general issue has been abrogated by section 461 of the Code of Civil Procedure; and that, under said section, there can be no proof of mitigating circumstances which are not alleged in the answer. This might be an interesting question if properly presented; but as evidence to character went before the jury without objection, respondent cannot be heard to make the objection here for the first time.)

We see no error in the rulings of the court on the subject of instructions which were excepted to by appel-

lant, and the case seems to have been correctly presented to the jury.

Judgment and order affirmed.

Thornton, J., and Sharpstein, J., concurred.