[S. F. No. 1164. Department Two—July 29, 1899.]

EDWARD SALTZMAN, Appellant, v. SUNSET TELE-PHONE AND TELEGRAPH COMPANY et al., Respondents.

NEW TRIAL—MISCONDUCT OF JURY—AFFIDAVITS—STATEMENT.—A motion for a new trial made solely on the ground of misconduct of the jury, must be made upon affidavits; and, in such case, a statement is unauthorized, and must be disregarded.

ID.—DEPOSITION TAKEN IN COURT.—The deposition of the deputy sheriff in charge of the jury, who refused to give a voluntary affidavit, must be regarded as an affidavit for the purposes of the motion.

ID.—RULING AS TO EVIDENCE—AFFIDAVIT OF DISSENTING JUROR—BILL OF EXCEPTIONS—REVIEW UPON APPEAL.—The ruling of the court in disregarding the affidavit of a dissenting juror as to the misconduct of a juror assenting to the verdict, need not be specifically excepted to or appealed from; but if all of the affidavits and the ruling upon the motion are incorporated in a bill of exceptions, the appellate court may review the competency of the affidavit upon appeal from the order denying a new trial.

ID.—IMPEACHMENT OF VERDICT BY JURORS—REASONS FOR RULE—
PUBLIC POLICY.—The rule that the affidavits of jurors are not
admissible to impeach the verdict, is proved by the statutory
exception in case of a resort to chance. The rule is not based
solely upon the estoppel of the assenting jurors, but is grounded
upon public policy which forbids that the verdict should be
imperiled by the evidence of jurors who may be tampered with
to accuse themselves or other jurors, and which requires that
the independence and freedom from improper restraint of the
jury in their deliberations and discussions should be secured.

ID.—APPLICABILITY OF RULE TO DISSENTING JURORS—DECLARATIONS
OF ASSENTING JUROR.—The rule against the affidavits of jurors
is not changed in its application by the amendment of the Code
of Civil Procedure which permits a verdict by a specified ma-
jority of the jury; and the affidavit of a dissenting juror is not
admissible to prove the declaration of an assenting juror whose
vote was essential to the verdict, to the effect that he would
rather agree to the verdict than lose his pay.

ID.—AFFIDAVIT OF JUROR TO SUSTAIN VERDICT.—The affidavit of a
juror is competent to sustain the verdict by explaining or deny-
ing alleged misconduct or interferences with the jury.

ID.—SEPARATION OF JURY IN CIVIL CASE.—The mere separation of a
jury in a civil case is not ground for a new trial, except under
the general ground of misconduct of the jury "materially af-
fecting the substitute rights of a party."

ID.—SEPARATION AGAINST INSTRUCTION—BURDEN OF PROOF.—The
separation of a juror from the jury against the instruction of
the court, under such circumstances that improper influence
might have been exerted upon him, puts upon him the burden
of proving the contrary to sustain the verdict.

ID.—USE OF TELEPHONE IN DININGROOM—REBUTTAL OF PRESUMP-
TION OF INJURY.—Where it is shown by the affidavits of the
juror and of the deputy sheriff that the juror, though improp-
erly allowed to separate himself from the body of the jurors
in a diningroom, merely stepped to a telephone therein to com-
municate briefly on private business, and that he had no other
communication, the presumption of injury is rebutted.

ID.—PERMISSION OF COURT—DUTY OF JUROR AND DEPUTY SHERIFF.—
It is improper for a juror to communicate by telephone without
first obtaining the permission of the court to send a message,
and the deputy sheriff in charge of the jury should be at the
receiver.

APPEAL from a judgment of the Superior Court of Santa
Clara County and from an order denying a new trial. A. S.
Kittredge, Judge.

The facts are stated in the opinion of the court.

C. M. Jennings, Thomas V. Cator, and M. H. Kingore, for
Appellant.

Van Ness & Redman, and E. S. Pillsbury, for the Sunset Telephone and Telegraph Company, Respondent.

Jackson Hatch, for the Receivers of the San Jose Railway Company, Respondents.

TEMPLE, J.—Action for damages for personal injuries received by plaintiff while in the employment of defendant.

Verdict was rendered for the defendant by a divided jury. The motion for a new trial was based upon the point of alleged misconduct of the jury. Such alleged misconduct was made to appear by the affidavits of the dissenting jurors, and upon one charge of misconduct by the affidavit of the deputy sheriff who had charge of the jury.

The notice of motion for a new trial stated that the motion would be made on a statement of the case and upon affidavits. The code provides that when the motion is made upon the ground of misconduct it shall be made on affidavits. (Code Civ. Proc., sec. 658.) The statement was, therefore, unauthorized. On the hearing the court refused to consider certain affidavits and denied the motion. Plaintiff then prepared a bill of exceptions, which was settled by the court, which included all the affidavits and the ruling. This was proper, and no injury was done by the statement. The record here seems sufficient if that be excluded. The deposition of the deputy sheriff, taken in open court, must be regarded as an affidavit. If he refused to make an affidavit, no other course was open to plaintiff, who should not be deprived of his testimony because of his unwillingness.

We are not called upon to review the action of the court in refusing to hear read the affidavits of the dissenting jurors which tended to impeach the verdict, except so far as it becomes necessary to determine the competency of such evidence in considering the final order of the court in denying a new trial. It was not necessary that the ruling in regard to the evidence should have been specifically excepted to, or appealed from. It is all involved and included in the appeal from the order refusing a new trial.

One matter of alleged misconduct consists of the charge

made in the affidavit of a dissenting juror, that one of the jurors who assented to the verdict stated, in substance, that he wanted his pay; that they would receive no pay unless they brought in a verdict, and he would agree to anything rather than not be paid. There were three dissenting jurors out of twelve, so that a change of one vote from the majority would have defeated the verdict. The trial court concluded that the verdict could not be impeached in this way. Whether it could be so impeached is the first question for discussion here.

Appellant admits that the general rule is that the affidavit of a juror cannot be used to impeach a verdict, but he contends that this rule is that the juror shall not be permitted to impeach his own verdict, and that the reason of this rule is that otherwise he may be induced by corrupt means to change his mind, or to swear falsely. It is also contended that he is estopped of record by his assent to the verdict, and should not be heard to the contrary. But it is contended that the rule has no application to dissenting jurors where a valid verdict may be rendered by the concurrence of three-fourths, and since the new constitution of 1879 the rule must be understood to be that a juror shall not be permitted to impeach his own verdict, and does not apply to dissenting jurors. For nearly twenty years we have had a statute (Code Civ. Proc., sec. 657) to the effect that, if the assent of one or more of the jurors has been determined by a resort to chance, the misconduct may be proved by the affidavit of any one of the jurors. This is an exception to the general rule, and proves the rule, but in such case ten jurors might be unconnected with the matter, and an affidavit on their part would not indicate a change of mind or imply corruption. The so-called estoppel is simply that public policy requires that the sancity and stability of judicial determinations shall not be subject to the evidence of jurors who may be tampered with, and who cannot, in general, testify without accusing themselves or some member of the jury. And this last consideration is, in my opinion, not the least cogent reason for the rule. The independence of the jury and the value of their discussions would be lessened if the reasons given by any juror for his opinions or for his verdict could be reported to the court and criticised, and his motives impugned for remarks

made in the jury-room. And such reports would be more likely to be made by dissenting jurors who had been heated by earnest debate and defeated by the final vote. But the independence of the jury would be gone if a perfectly correct report could be made and the verdict attacked by showing that some jurors mistook the evidence or the law, or were actuated by other considerations. There would be no freedom of discussion in the jury-room if they were subject to a possible censorship of this character. And the stability of judicial determinations would be as much imperiled by liability to attack by dissenting jurors as by the others. Nor is it true that the reason for the rule has always been stated to be that a juror may be induced to retract. Often an attack by the affidavit of a juror would not indicate a change of views or be an attack upon his individual verdict—if it could be so regarded. I have already shown this, but the instances may be greatly varied. He might testify that a fellow juror had his bottle in the jury-room, or got drunk, or offered a bribe to a fellow member, or stated facts not in evidence.

Were it not for the rule, a juror would be commended for disclosing these matters, and to do so would not be self-accusation, although it might furnish ground for attacking the verdict. The main reasons, I think, are these two: 1. That the jurors, who are practically the only witnesses in regard to the matter, may not be tampered with and verdicts by these means imperiled; and 2. To secure independence and freedom from improper restraint on the part of the jury.

In *Wilson v. Berryman*, 5 Cal. 45, 63 Am. Dec. 78, the reason for the rule is given that independence of opinion would be thus secured.

In *Hannum v. Belchertown*, 19 Pick. 311, it was said: "The secrecy of the deliberations and discussions of the jury, and the exemption of jurors from the liability of being questioned as to their motives and grounds of action, are highly important to the freedom and independence of their decisions." In *Woodward v. Leavitt*, 107 Mass. 453, the court says: "It is essential to the freedom and independence of their deliberations that their discussions in the jury-room should be kept secret and inviolable, and to admit the testimony of jurors to what took

place there would create embarrassment and uncertainty." The learned judge cites a' great many cases, English and American, in support of his views, among them *Cook v. Castner*, 9 Cush. 266, where Shaw, C. J., said: "All communications among jurors are confidential; they are intended to be secret, and it is best they should remain so." To the same effect in *Heffron v. Gallupe*, 55 Me. 563. Also *State v. Freeman*, 5 Conn. 348, where Judge Hosmer says: "On a principle of policy to give stability to the verdicts of jurors and preserve the purity of trials by jury, the evidence ought not to be admitted." (See, also, Jones on Evidence, sec. 784, and Thompson and Merriam on Juries, 440.)

These authorities all show that the reason given for the rule is not solely because jurors may be induced to repent of their verdicts. No doubt, also, courts more willingly and strictly enforce the rule because, if the verdict is wrong, it may be attacked and reviewed upon that ground without reference to the misconduct of the jury. I think the rule is not changed in its application by the amendment which permits a verdict by the specified majority of the jury.

The question still remains to be considered, whether the communication by the juror Krumb over the telephone with some person outside was such misconduct as should induce the court to vacate the verdict. This fact is shown by the affidavit of the deputy sheriff who had charge of the jury. It is to be considered solely in connection with the facts found in this affidavit, and without knowledge of how Krumb had previously voted.

The deputy, in violation of his sworn duty, permitted Krumb, while the jury were dining at a restaurant, to which he had taken them in obedience to an order of the court, to leave the table and go to a telephone receiver, which was apparently in the same room, and call some one, no doubt at the central office, which was in charge of the defendant in the case. The deputy went to the receiver with him. He heard him ask through the telephone for his father-in-law, and tell some one to have his father-in-law call him, as he would probably stay out all night—that he was then at the restaurant. He was afterward called up and again went to the telephone, the deputy going with him. He heard Krumb tell his father-in-law that

he would probably be kept out all night, and ask him to take care of his horse. Krumb said nothing about the case, and though the deputy was produced for examination by the appellant nothing was shown which was calculated to raise a suspicion that any communication was had with anyone about the case. With the deputy standing by his side, while giving this very short and simple message, it could easily be told whether there was further conversation.

The affidavit of Krumb was also read in explanation. He says he called one Hobson to go for his father-in-law, and also to a clerk in his own store, and asked him to close up at the usual time, and that he was called up by his father-in-law, and asked him to take care of his horse and chickens, to which his father-in-law assented. He had no further communication with anyone, and nothing was said about the case at all. It is agreed that, while the affidavit of a juror cannot be used to impeach a verdict, it is perfectly competent to explain or to deny alleged misconduct or interferences with the jury.

It is contended that the conduct of Krumb was a separation from the jury under such circumstances, that improper communications could have been made to him, and in the nature of things there can be no conclusive evidence upon the matter save his own. Communications through a telephone, it is said, are especially dangerous. A telephone in a jury-room takes the ear of the juror abroad secretly for any corrupt proposition a party may desire to send.

Appellant contends that the affidavit of a juror cannot be used to show that he has not been corruptly approached where he has improperly separated himself from the jury under such circumstances, that an attempt to corrupt might be made. As authority he cites *People v. Backus*, 5 Cal. 275; *People v. Thornton*, 74 Cal. 484, and *People v. Stokes*, 103 Cal. 193; 42 Am. St. Rep. 102. In criminal cases, our statutes have always provided, as now by section 1181 of the Penal Code, that a court may grant a new trial "when the jury has separated without leave of the court, after retiring to deliberate upon their verdict." There is no such ground for granting a new trial in a civil case, except under the ground of misconduct of the jury "materially affecting the substantial rights of a party." The force of the

decision in *People v. Backus, supra,* has been somewhat weakened by *People v. Bonney,* 19 Cal. 427; *People v. Symonds,* 22 Cal. 349, and *People v. Brannigan,* 21 Cal. 338.

The matter is fully discussed in a note to *McKenny v. People,* 43 Am. Dec. 65. The annotator says it is almost the universal rule that in order to set aside the verdict "there must be some evidence of other misconduct, in addition to the mere fact of separation, which has operated to the party's prejudice."

The rule in this state, I take it to be, in civil cases, that a separation, against the instruction of the court, with evidence that improper influence might have been brought to bear upon the juror, puts the burden upon the party seeking to sustain the verdict to negative the presumption and show that no such attempt was made. I think that was done in this case. The brevity of the communication, the presence of the deputy who could hear what was said by the juror, and the affidavit of the juror, rebut the presumption of injury.

Still I am impressed with the argument as to the particular impropriety of allowing a juror to communicate by telephone. Both the juror and the deputy were guilty of gross impropriety. The juror should have obtained permission from the court to send a message and the deputy should have been at the receiver.

The judgment and order are affirmed

McFarland, J., and Henshaw, J., concurred.