[Civ. No. 5834. Third Appellate District.—January 15, 1938.]

C. R. TOOMES et al., Appellants, v. A. J. NUNES et al., Respondents.

Thomas F. Griffin and Edward T. Taylor for Appellants.

J. Hampton Hoge, A. A. Cardoza and A. Dal Thompson for Respondents.

THOMPSON, J.—Plaintiffs brought this suit for damages for personal injuries received in an automobile casualty as the alleged result of negligence on the part of the defendants. The defendants denied the material allegations of the complaint and filed a cross-complaint, charging plaintiffs with damages for injuries which they also sustained in the same accident. The jury returned a verdict against the plaintiffs upon their complaint, and awarded damages to defendants on their cross-complaint in the sum $2,500 and costs of suit. Judgment was rendered accordingly. From that judgment plaintiffs have appealed.

The only grounds urged for reversal of the judgment are that the court erred in permitting evidence to remain in the record that plaintiffs were insured against loss sustained as a result of the automobile accident, and that the jurors were guilty of prejudicial misconduct in considering that evidence

of indemnity insurance in arriving at their verdict as shown by their affidavits presented upon motion for a new trial.

It appears that plaintiffs alleged in their complaint special damages to their automobile in the sum of $190. Mr. Toomes testified that the market value of their machine before the accident was $225, and that it was of no value after the collision occurred. On cross-examination the attention of the witness was called to the fact that he had alleged in his complaint that the damage to his automobile was only the sum of $190. He was then asked: "Now how do you arrive at the figure of $190.00?" To this question he replied: "Because I—On my application *the company allowed me $190.00* and salvage. Q. That is your insurance carrier, is that correct? A. Yes, my insurance carrier."

To the last-mentioned question and answer the plaintiffs' attorney failed to object. He did, however, move to strike out the question and answer on the sole ground that they were "improper". There was no suggestion as to the reason they were considered improper. There was no assignment of error on the ground that the question and answer disclosed the fact that the plaintiffs were insured. The motion to strike the evidence from the record was therefore ineffectual. The defendants were entitled to have the specific ground of the objection to the evidence stated on the motion to strike it from the record. It is said in 2 California Jurisprudence, page 264, section 82:

"The party offering evidence is entitled to have the particular portion of the evidence objected to pointed out, *and the specific ground of the objection stated,* in order that he may obviate the objection or waive the testimony."

The rule requiring the specific objection to proffered evidence to be pointed out also applies to a motion to strike evidence from the record. In 6 Jones Commentaries on Evidence, second edition, page 5000, section 2527, it is said:

"Like an objection [to evidence], a motion to strike out testimony *should specify grounds and reasons,* as well as the portion of the evidence objected to."

In the present case the appellants had ample opportunity to object to the challenged question before it was answered. They failed to do so. That question was propounded to the witness after he voluntarily said the valuation of his machine as it was stated in the complaint was fixed by "the

company''. He said: ''On my application *the company allowed me* $190.00 and salvage.'' The defendants were entitled to know the identity of that company which fixed the value of plaintiffs' automobile so as to determine the reliability of the appraiser and the weight to be given to the evidence. An uncertainty existed as to whether the witness referred to *the company* from which he purchased the machine, the company which financed his purchase, or some other company. It does not seem improper that the voluntary statement of the witness that the valuation of the machine was fixed at $190 ''by the company'' should be followed by the inquiry: ''That is your insurance carrier, is that correct?'' At least we are unable to say the question was asked in bad faith.

It has been frequently held that when evidence is competent for any valid purpose under the issues of the case it may not furnish grounds for reversal of the judgment merely because it incidentally discloses the fact that an insurance company is interested in the outcome of the cause. (*Fleming* v. *Flick*, 140 Cal. App. 14, 32 [35 Pac. (2d) 210] ; *Dermer* v. *Pistoresi*, 109 Cal. App. 310, 315 [293 Pac. 78] ; 4 Blashfield's Ency. of Auto. Law, p. 1521, sec. 19.) A motion to strike out evidence is addressed to its competency and not to its weight. If it is competent for any purpose it should not be stricken from the record, but its application may be limited by proper instructions to the jury. In 6 Jones Commentaries on Evidence, *supra,* at page 5002, it is said:

''Where evidence has been properly received, . . . the party against whom it has been received has no absolute right to have it stricken out, *but should request the court to charge the jury to disregard such evidence,*'' or to limit its application.

We must assume the jury was so properly instructed with respect to the challenged evidence, since the instructions which were given to the jury are not included in the transcript on appeal. The instructions are not before this court. Very likely the jury was charged that it must not render a verdict based on prejudice against an insurance company, or consider the fact that the plaintiffs carried indemnity insurance as a reason for rendering judgment against them. Certainly the jury was instructed they could award

damages against the plaintiffs only for such sum as would compensate the defendants for the injuries sustained *as a result of plaintiffs' negligence.* It is not contended the verdict is excessive. Under the circumstances of this case we may not assume the plaintiffs were prejudiced by the question and answer complained of. It must be true that all jurors know most owners of automobiles carry indemnity insurance these times when motor vehicle accidents are so common.

■ The jurors in this case may not impeach their verdict by means of affidavits that they considered the evidence that plaintiffs were insured, in arriving at their award of damages. The appellants assert in their opening brief that the affidavits of ten of the jurors to that effect were filed on the motion for a new trial. Those affidavits are not included in the transcript on appeal. We have no means of ascertaining the contents of those affidavits. They may not therefore be considered by this court. It was not proper for the trial court to consider them on the motion for new trial. We assume that court disregarded them. The motion for a new trial was properly denied.

■ It is established law in this and other jurisdictions that the affidavits of jurors may not be received to contradict, impeach or defeat their verdict, except when the jurors resort to chance to determine their verdict. (24 Cal. Jur. 877, sec. 126; 97 A. L. R. 1038, note; *Saltzman* v. *Sunset Tel. & Tel. Co.,* 125 Cal. 501 [58 Pac. 169].)

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.