[Civ. No. 7568.   Third Dist.   May 2, 1949.]

CHARLIE WOODS et al., Appellants, v. PACIFIC GREY-
HOUND LINES (a Corporation) et al., Respondents.

Thomas C. Perkins for Appellants.

Gerald L. Desmond for Respondents.

THOMPSON, J.—Plaintiffs brought suit for damages for personal injuries sustained as the result of an automobile collision, while they were riding as passengers in a Greyhound bus on the public highway in Sacramento County. The cause was tried with a jury which returned a verdict for defendants. A motion for new trial was denied. Judgment was rendered against plaintiffs. From that judgment this appeal was perfected.

The transcript of evidence is not before this court. The appellants contend that the court erred in denying the motion for new trial, and that the court erred in excusing one juror at his own request, after the evidence was completed, but before the cause was submitted to the jury for determination. It is urged the excusing of that juror was prejudicial error, notwithstanding the fact that plaintiffs consented in open court to his discharge and to the submission of the cause to the remaining 11 jurors. It is also asserted the trial judge and the attorney for defendants were guilty of prejudicial misconduct in discussing, in the presence of the jury, the admissibility of certain evidence to which plaintiffs had objected, and to which the objection was sustained. The exhibition by one juror to his fellow jurors in the jury room of a printed

Standard Oil Company card, which had not been received in evidence, showing the distances within which automobiles may be stopped when traveling at various rates of speed, is urged as reversible error.

We are of the opinion the motion for a new trial was properly denied. In the absence of a transcript of the testimony, we are unable to determine whether the alleged irregularities of procedure were prejudicial. (Const., art. VI, § 4½.) We may not presume they were prejudicial.

The excusing of a juror on his own motion, after the jury was sworn to try the cause, but before its submission for determination of the verdict, was not reversible error under the circumstances of this case. The juror was excused and the cause submitted to the remaining 11 jurors by the express stipulation of plaintiffs' attorney in open court. Plaintiffs expressly waived their right to have that juror participate in the consideration and return of the verdict. A party may not deliberately consent to excuse a juror who has been sworn, and to submit the cause to the remaining 11 jurors, speculating on a favorable verdict, and then, after an adverse verdict has been returned, for the first time challenge the lack of 12 jurors.

A trial of a civil action by a jury consisting of less than 12 members is authorized by agreement in open court. (Const., art. I, § 7; Code Civ. Proc., § 194; *Hitchcock* v. *Caruthers*, 82 Cal. 523, 526 [23 P. 48]; 31 Am.Jur., § 99, p. 631.) Plaintiffs are barred from objecting to the verdict by only 11 jurors. Ten of them voted for the verdict which was returned.

The appellants assign as prejudicial error the reasons stated by the judge in sustaining plaintiffs' objection to a question propounded to a traffic officer. Defendants' attorney asked the officer this question, "Now, you didn't prefer any charges against the driver of the bus, did you?" In response to the plaintiffs' objection on the grounds that it was "improper and misconduct," defendants' attorney inquired, "Why is it?" The judge replied, "I think it is, . . . . We are not concerned here with whether or not any charges were brought, any more than we would be with the disposition of charges that were brought. . . . The trouble with it is this: the inferences that might be drawn if a charge was made, for instance, would be that the officer believed there had been a violation of the Motor Vehicle Code; and the inference would be if no charges were brought, that the officer believed no violation had been shown. But we are not concerned here

at all with the belief of the officer in either direction.'' The objection to the unanswered question was sustained. Plaintiffs' attorney did not complain of the foregoing statement of the trial judge of his reason for sustaining the objection. He did not ask that it be stricken from the record, or that the jury be instructed to disregard it. Plaintiffs thereby waived their contention for the first time on appeal that it was prejudicial. The statement appears to be perfectly fair, proper and impartial. We are satisfied that it could not have prejudiced the jury. (*Estate of Golden*, 4 Cal.2d 300, 309 [48 P.2d 962] ; *Paolini* v. *City & County of San Francisco*, 72 Cal.App. 2d 579, 588 [164 P.2d 916] ; *Blaeholder* v. *Guthrie*, 17 Cal.App. 297, 300 [119 P. 524] ; 24 Cal.Jur. § 20, p. 734.)

It is not improper for a trial judge, in passing upon the competency of proffered evidence to which an objection has been made, to give his reason for the ruling, provided it is not expressed in language or manner which is prejudicial. (*Ries* v. *Reinard*, 47 Cal.App.2d 116, 120 [117 P.2d 386] ; *McCullough* v. *Langer*, 23 Cal.App.2d 510, 521 [73 P.2d 649] ; 53 Am.Jur. § 79, p. 77 ; 64 C.J. § 98, p. 94.) The challenged language in this case is not prejudicial. Furthermore, the plaintiffs waived their objection to the alleged prejudicial nature of the court's statement of his reason for sustaining the objection to the question propounded, by their failure to assign it as prejudicial or to ask the court to instruct the jury to disregard it. (*Rogers* v. *Foppiano*, 23 Cal.App.2d 87, 95 [72 P.2d 239] ; *Kershaw* v. *Tilbury*, 214 Cal. 679, 690 [8 P.2d 109] ; *Cope* v. *Davison*, 30 Cal.2d 193, 203 [180 P.2d 873, 171 A.L.R. 667].)

The appellants contend that the verdict is invalid because one juror ''showed'' to other jurors in the jury room a card or table prepared by the Standard Oil Company, specifying the distances within which motor vehicles may be stopped when traveling at various speeds. Three affidavits in support of that contention appear in the transcript. But it does not appear they were presented to the trial court on the motion for new trial, or at all. They are merely marked as filed in the trial court. We shall, however, assume they were presented to the trial court on motion for new trial. Two of the affidavits are signed and sworn to by members of the jury, although it does not appear from the record whether either or both of them concurred in the verdict. The briefs seem to concede that one of them concurred in the verdict, and that the other affiant dissented thereto. It is apparently assumed by the

briefs that the verdict was rendered by a ten to one vote of the jurors, and that one of the affiants was the only juror who dissented thereto. The transcript fails to show that the jury was polled, or how they stood numerically. The third affidavit is signed and sworn to, on information and belief, by an attorney for plaintiffs. No affiant avers that any juror read the card, or commented on its contents, or gave it any consideration. There is no statement that the card had any effect upon the independent judgment of any juror. Since neither the transcript of evidence nor the instructions to the jury are before this court, we are unable to determine whether the time card had any bearing whatever upon any issue involved in the case. If not, the mere showing of the card to the jurors in the jury room would be immaterial and harmless. In the absence of evidence to the contrary, we must assume there was no issue regarding the efficiency of the brakes of the machines involved in the collision or the ability to stop the machines within the distances prescribed by section 670 of the Vehicle Code. There is absolutely no averment or showing that the card affected the independent judgment of any juror, or that it was prejudicial.

■ Moreover, the affidavits are incompetent to impeach the verdict which was duly and regularly returned by the jury. The appellants concede that a verdict may not be impeached by the affidavits of jurors who concur in rendering it. But they assert that rule does not apply to a member of the jury who dissents thereto. We cannot agree with that contention. The established rule appears to be otherwise.

The application of the rule that a verdict of a jury may not be impeached by the subsequent affidavits or evidence of members of the jury whether they concurred in the verdict rendered or dissented thereto is stated in *Crabtree* v. *Western Pacific Railroad Co.*, 33 Cal.App.2d 35, at page 48 [90 P.2d 835], as follows:

". . . It is therefore the uniform rule in this and other jurisdictions to reject affidavits or oral evidence of either concurring or dissenting jurors which tend to contradict, impeach or defeat their verdict, except to show that the verdict was secured by chance as distinguished from the independent judgment of individual jurors. (*Saltzman* v. *Sunset Tel. & Tel. Co.*, 125 Cal. 501 [58 P. 169]; *Toomes* v. *Nunes*, 24 Cal. App.2d 395 [75 P.2d 94]; Sec. 657, subd. 2, Code Civ. Proc.; 24 Cal.Jur. 877, sec. 126; 97 A.L.R. 1038, note; 6 So.Cal.Law Rev. 246.)''

The Saltzman case, cited in the above case, gives the reasons for adhering strictly to that rule in support of the sanctity of verdicts, the secrecy of the deliberations of jurors, and the danger of subsequent collateral attacks prompted by ulterior motives, corruption or deliberate changes of minds. With respect to the application of the rule to dissenting jurors, as well as to those who concur in the verdicts, the Supreme Court said in that case:

". . . And such reports [of the conduct of jurors in the jury room] would be more likely to be made by dissenting jurors who had been heated by earnest debate and defeated by the final vote. . . . And the stability of judicial determinations would be as much imperiled by liability to attack by dissenting jurors as by the others."

▉ The affidavit of plaintiffs' attorney, based on information which he received by telephone from one of the jurors, that the time table had been "showed" by that juror to his fellow jurors in the jury room is likewise incompetent to impeach the verdict. If a member of the jury may not impeach the verdict by his personal affidavit or oral testimony, certainly he may not circumvent the rule by informing an attorney of the appellants by means of a telephone of his alleged misconduct as a juror and thus render his statement competent by the hearsay affidavit of some other affiant. (*Siemsen* v. *Oakland, S. L. & H. Electric Ry.*, 134 Cal. 494, 497 [66 P. 672]; *Noble* v. *Key System, Ltd.*, 10 Cal.App.2d 132, 143 [51 P.2d 887].) In the Siemsen case, *supra*, in which a conductor who was not a member of the jury made an affidavit to impeach the verdict, based on an alleged conversation which he had with a member of the jury, and which affidavit was rejected as incompetent, the court said:

". . . This affidavit was properly refused admission in evidence. While it is not, in terms, an affidavit by a juror impeaching his own verdict, it is an affidavit of admissions made by a juror to the same effect. If the juror himself would not have been permitted to make affidavit directly to these facts, clearly the affidavit by another, of his declarations and admissions, offered for the same purpose, would be equally inadmissible. What the juror could not do directly could not thus indirectly be effectuated. However the rule may be in other states, it is settled in this beyond controversy that a juror may impeach his own verdict upon no other ground than that designated by the code. [Citing authorities.]"

The trial court was in a far better position to determine, on the motion for new trial, whether the plaintiffs were prejudiced by the conduct of jurors, court or counsel, of which complaint is made, than is this court, yet the motion was denied. That is particularly true in this case, since the evidence is not before this court.

For the foregoing reasons the judgment is affirmed.

Adams, P. J., and Peek, J., concurred.