[Civ. No. 14140. Second Dist., Div. Three. May 25, 1944.]

MABEL GREENWOOD, Appellant, v. ENSLEY A. SUMMERS et al., Defendants; FRED F. MISKO, Respondent.

Jack Carl Greenburg and Phillip W. Silver for Appellant.

Parker & Stanbury and Harry D. Parker for Respondent.

DESMOND, P. J.—The appellant in this case was injured and the automobile which she was driving was damaged in a collision which occurred on Alameda Street, a north and south thoroughfare, in the southerly district of Los Angeles. She was driving north on Alameda Street at about 6:10 a. m., when the accident happened. The paved highway upon which she was driving was about 37 feet wide. There was a heavy fog prevailing at the time; it was quite dark and the pavement was moist. The defendant Summers also was driving his Terraplane Sedan north on Alameda and, immediately after passing the appellant's car, sideswiped the defendant Misko's truck, which was traveling south on Alameda Street, knocking its dual rear wheels out from under the truck. This collision threw the truck out of control and after skidding in a southerly direction for 192 feet it collided with the plaintiff's car.

Plaintiff, the appellant here, joined Summers and Misko as defendants. Summers answered, denying the allegations of negligence charged against him and any liability for the damage resulting from the collision. As an affirmative defense he charged that the injuries and damages were proximately caused by the negligence of the plaintiff and of defendant Misko. Defendant Misko in his answer denied negligence or liability on his part. In a cross-complaint Misko

sought damages from Summers, his codefendant, in the sum of $273.62.

The case opened as a jury trial, but after the first day's hearing the parties all stipulated that it might be completed by the trial judge sitting without a jury. After hearing the arguments of counsel at the conclusion of the hearing, the judge, by agreement of the parties, went to the scene of the accident and shortly thereafter entered findings and judgment.

According to the findings, defendant Misko was not negligent in the operation of his truck and no act on his part "proximately contributed to the accident in question or to the injury or damage suffered by any party." The court further found that the sole proximate cause of the accident and collision was negligence on the part of defendant Summers. As a result of his findings the court concluded as a matter of law that the plaintiff was entitled to judgment against Summers in the sum of $1,500.45; further, that she was not entitled to recover anything from the defendant Misko, but that Misko was entitled to his costs of action from the plaintiff and judgment for damages in the sum of $273.62 against Summers "together with his costs of action." Judgment followed accordingly, awarding Misko, as his costs against the appellant, the sum of $145.70, adjudging that Misko should recover from Summers "the sum of $273.62, together with his costs of action incurred herein in the sum of $————."

The plaintiff appeals from the judgment in favor of the defendant Misko and against the plaintiff. She states, as her sole contention, that Misko was guilty of concurrent negligence as a matter of law by reason of the fact that he attempted to overtake an automobile on a narrow thirty-seven foot highway, in the nighttime when there was a heavy fog and visibility was poor, while driving at a speed of thirty miles per hour in the center of the highway over a moist pavement, and after colliding with an oncoming automobile, then skidding 192 feet into appellant's car. The testimony given by Mr. Misko was to the effect that he first saw Summers' oncoming automobile when it was about 150 feet away while he, Misko, was traveling at 25 miles per hour and Summers' car was traveling from 40 to 50 miles per hour, with his car straddling the white line or riding over the white

line approximately two feet to the west of it; that his rear wheels were then even with the front wheels of a small pick-up truck, which was running beside him at his right and which he had been overtaking; that the pick-up truck was close to the west edge of the highway and two feet west of his own truck; that the left side of his truck was about two feet west of the white center line of the highway; that after seeing Summers' automobile approaching he did not have time to do anything prior to the actual collision. Mr. Summers testified that when he first saw the Misko truck it was about 10 feet in front of him; that the truck did not swerve to the right or left within that 10 feet; that after the impact of the two vehicles, his left front wheel struck the left rear wheel of the truck and at that time the left rear axle and the dual rear wheels of that truck were thrown on the highway and onto the ground and when that occurred the steel body of the truck went to the ground, leaving a mark on the pavement about seven feet to the west of the center line. He testified also that when the police officers arrived they took measurements of the marks on the pavement and that the officer made a remark that he [Summers] was over the white line. However, at the trial Mr. Summers was asked to state where he was at the time of the impact and answered that he was on the east side of the highway. "Q. Was any portion of your car on the west side of the highway? A. No; definitely not."

The trial court, therefore, was called upon to decide, upon conflicting evidence and as a matter of fact, whether Summers crossed the white line at the time he struck Misko's truck and, in so doing, was guilty of an act of negligence proximately causing appellant's damage. Its decision on that subject is not questioned by appellant. Her objection goes to the point that the court found that Summers' negligence was the sole proximate cause, thereby relieving Misko of all blame. We are asked to cancel the effect of the finding that Misko was not negligent and that no act on his part proximately contributed to the accident in question. This, on the theory that proper consideration of section 510 of the Vehicle Code, in connection with this accident, should have compelled a contrary finding as a matter of law. We cannot accept this reasoning. Section 510 of the Vehicle Code, under the caption, "Basic Speed Law," reads as follows: "No

520

person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property.'' The very phraseology of this statute calls for a trier of facts, who must give consideration to all the pertinent circumstances surrounding the case which comes before him. ■ The precept applicable to the situation is discussed, with authorities cited, in 19 Cal.Jur., in the article on ''Negligence,'' at the following points: Section 22. ''. . . since negligence is a relative term, no precise rule can be formulated which adequately defines the quantum of care to be used in a particular case; that question depends upon particular facts and circumstances.'' Section 23. ''. . . In those cases in which a higher degree of diligence is not fixed by contract or by statute, the law has fixed no standard of care other than the general one that it must be such as a person of ordinary reason, prudence and caution would use under the same circumstances. . . . In determining whether one's actions measure up to the conduct of a reasonably prudent man, it is obvious that all of the circumstances attending the transaction must be taken into consideration.'' Section 24. ''. . . The term 'ordinary care' is a relative one, and the standard by which it is to be measured varies, as we have seen, with the circumstances attending each particular case. A quantum of care which might be sufficient for one set of circumstances may be wholly inadequate under changed conditions.'' Section 138. ''Ordinary Care. In most cases the law has fixed no standard of care other than the general one that it must be such as a reasonably prudent man would exercise under the particular circumstances. Whether a party's conduct measures up to this standard presents a question of fact which ordinarily should be submitted to the jury under proper instructions as to the law. . . . However, if it appears from the undisputed facts, judged in the light of common knowledge and experience, that a party has not exercised such care as men of common prudence usually exercise in like positions, . . . negligence may be declared as a matter of law.''

In determining, in the present case, whether Misko exercised the care which a man of common prudence would have exercised, the trial court undoubtedly relied upon the law and the evidence. So far as the law is concerned, section 527a

of the Vehicle Code states it as follows: "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, and, except when a roadway has been divided into traffic lanes, each driver shall give to the other at least one-half of the main traveled portion of the roadway whenever possible." So far as the evidence is concerned, the court would have been warranted in finding that Summers violated this statute and trespassed on territory reserved for traffic going south. Misko, running generally at a distance of approximately two feet west of the center white line, in our opinion, might justly have considered that he was safe from a collision with northbound traffic. Under those circumstances, it is understandable that the trial court would fail to find him guilty of negligence. ■ The general rule is that every person who is himself exercising ordinary care has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise it is not negligence to assume that he is not exposed to danger which comes to him only from violation of law or duty by such other person. (See *Harris* v. *Johnson* (1916), 174 Cal. 55, 58 [161 P. 1155, Ann. Cas. 1918E 560, L.R.A. 1917C 477]; *Pinello* v. *Taylor* (1933), 128 Cal.App. 508, 512 [17 P.2d 1039].)

■ We believe that under the circumstances of the present case and, particularly in view of the provisions of section 510, Vehicle Code, there is no foundation for appellant's claim that Misko should have been found negligent as a matter of law. In our opinion, the matter of his liability was properly treated by the trial court as a question of fact. (*Gayton* v. *Pacific Fruit Express Co.* (1932), 127 Cal.App. 50, item [3] p. 57 [15 P.2d 217]; see, also, 2 Cal.Jur.Supp. 272-3, § 180.)

Judgment affirmed.

Shinn, J., and Wood (Parker), J., concurred.