[Civ. No. 21441. Second Dist., Div. Three. Aug. 6, 1956.]

PETER E. BAUMERT, Appellant, v. CHARLES L. GOVAKER, et al., Respondents.

William P. Malloy and Robert M. Newell for Appellant.

Stephen J. Grogan and Henry N. Cowan for Respondents.

SHINN, P. J.—Plaintiff appeals from a judgment of non-suit in a personal injury action arising out of a collision between his motorcycle and a car driven by defendant Gov-aker. It was stipulated at the trial that Govaker was an employee of defendant Sears, Roebuck and Company and was acting within the scope of his employment at the time of the accident. The case was tried to a jury.

The evidence as interpreted most favorably to plaintiff (*Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367 [210 P.2d 757]), is as follows: The accident occurred at about 11 a. m. on August 12, 1953, at the intersection of Anza Avenue and West 104th Street. Anza Avenue is a main thoroughfare for north-south traffic and is protected by boulevard stop signs. At the time in question there was no posted speed limit for traffic northbound on Anza Avenue through the 104th Street intersection, though just north of 104th Street there was a sign indicating that the speed limit from that point north was 25 miles per hour. There was no center line on Anza Avenue, which was 60 feet wide with a 4-foot raised concrete barrier dividing the northbound and south-bound lanes.

Plaintiff was proceeding north on Anza at about 35 or

40 miles per hour. He was riding his motorcycle in the most easterly lane. When he was 100 or 200 feet south of the 104th Street intersection a passenger car was proceeding north in the lane to his left and was about 25 or 30 feet ahead of him. As plaintiff approached the intersection, the passenger car slowed down to make a left turn onto 104th Street. Defendant was driving south on Anza, with the intention of making a left turn onto 104th Street.

Defendant's version of the accident was testified to by the investigating officer, who had a conversation with him shortly after the collision. Defendant said that he stopped at the intersection and at that time saw the northbound passenger car which had entered the intersection preparatory to turning left on 104th Street. The car obscured defendant's vision of Anza Avenue to the south, but defendant proceeded to make his left turn into the intersection. As he was crossing the northbound lanes of traffic on Anza, he saw plaintiff's motorcycle coming north at what appeared to be a pretty rapid speed. He tried to accelerate so as to clear the intersection. He saw the motorcycle bearing down on him and it appeared to swerve to the right. Defendant said he thought that if the motorcycle could have swerved to the left, the collision could have been averted. On cross-examination, the officer testified that defendant told him that he had made two stops, once when he entered the intersection and once in the intersection, and that he started to proceed east after seeing the northbound car making its left turn onto 104th Street.

Plaintiff testified that he was traveling in the northbound lane closest to the eastern edge of Anza Avenue, that he first saw defendant's car as it emerged from behind the northbound passenger car, which obscured his vision of the intersection. It was then in the center of the two northbound traffic lanes. Defendant moved slowly across the intersection and then abruptly stopped, in plaintiff's path, in such a position as to block the lane in which plaintiff was traveling. At this time plaintiff was about 30 to 35 feet south of defendant's car. Plaintiff applied his brakes and swerved to the left so as to clear the rear end of defendant's car, but he was unable to avoid a collision. The right side of his motorcycle struck the right rear fender of defendant's car. Plaintiff was thrown off the motorcycle and landed about 25 feet from the point of impact, sustaining severe injuries.

A motion for nonsuit was granted at the close of plaintiff's case on the ground that the evidence disclosed contributory

negligence as a matter of law. We are of the view that the case should not have been taken from the jury.

■ It is too well settled to require citation of authority that a judgment of nonsuit is justified only in case a judgment for the plaintiff would be unsupportable in law.

Viewing the evidence in the light most favorable to plaintiff, the testimony of plaintiff and the investigating officer would have supported a finding that defendant was negligent in executing his left turn onto 104th Street in the face of possible oncoming traffic while his vision was obscured by the other car, and in stopping abruptly in plaintiff's path. Without conceding this, defendant contends that any asserted negligence on his part is immaterial since plaintiff's own testimony established beyond peradventure that plaintiff was guilty of contributory negligence. In this connection, defendant argues that plaintiff was negligent as a matter of law in approaching the intersection at a speed of 35 or 40 miles per hour at a time when his vision of southbound traffic was obscured by the northbound car making a left turn onto 104th Street. The argument is unsound.

■ Section 510 of the Vehicle Code reads as follows: "Basic Speed Law. No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property." Subject to the rule of reasonableness contained in Vehicle Code, section 510, section 511 sets forth certain prima facie speed limits applicable under various conditions. Defendant asserts that the prima facie speed limit governing plaintiff's conduct at the intersection is to be found in Vehicle Code, section 511, subdivision (a)(3).[1] But that subsection expressly excepts automobiles proceeding on a through highway. Vehicle Code, section 82.5, defines a through highway as "a highway or portion thereof at the entrance to which vehicular traffic from intersecting highways is required by law to stop before entering or crossing the same, and when stop signs are erected as provided in this code." As Anza Avenue was protected by stop

---

[1] "(a) Fifteen miles per hour: . . .

"(3) When traversing any intersection of highways if during the last 100 feet of his approach to such intersection the driver does not have a clear and unobstructed view of such intersection and of any traffic upon all of the highways entering such intersection for a distance of 100 feet along all such highways, except on a through highway or at a traffic-controlled intersection."

signs at the 104th Street intersection, the 15-mile per hour speed limit is inapplicable.

Plaintiff argues, on the other hand, that since there were no signs limiting speed northward on Anza until beyond the intersection, the prima facie speed limit was 55 miles per hour. (Veh. Code, § 511, subd. (c).) As to speed the question was, however, whether plaintiff's speed was reasonable under the circumstances. That was a question of fact. Whether plaintiff should have slowed down on approaching the intersection and whether in the exercise of ordinary care he could have swerved so as to avoid a collision were questions related to his alleged negligence. Under section 551, subdivision (a), of the Vehicle Code it was defendant's duty to yield the right-of-way if plaintiff was so close to the intersection as to constitute an immediate hazard. Plaintiff, if free from negligence, would have had the right to expect defendant to obey the law in this particular, unless he knew or in the exercise of ordinary care would have known that defendant was not intending to yield the right-of-way. (*Greenwood* v. *Summers,* 64 Cal.App.2d 516, 521 [149 P.2d 35].)

The questions as to the reasonableness of plaintiff's speed and of his conduct in attempting to avoid a collision were, in view of the evidence, within the province of the jury. Also the questions whether plaintiff proceeded in the expectation that a southbound driver intending to make a left turn would yield the right-of-way to him and whether he was justified in relying thereon were also pertinent to the defense of contributory negligence. These questions as well as the question of the proximate cause or causes of the collision could reasonably have been answered in plaintiff's favor and they should have been submitted to the jury. Plaintiff made out a sufficient prima facie case and we think the court was not warranted in deciding as a matter of law that defendant was free from negligence or that plaintiff was guilty of contributory negligence.

The judgment is reversed.

Wood (Parker), J., and Vallée, J., concurred.