MARIAN R. LANE, Plaintiff, *v.* G. GUS VASELIUS, Defendant.

Supreme Court, Chemung County, September 3, 1930.

*Mortimer L. Sullivan,* for the plaintiff.

*Stanchfield, Collin, Lovell & Sayles,* for the defendant.

RHODES, J. When the juror in question was being examined by defendant's attorney, he was asked whether he was ever in an automobile collision and replied that he had been. He was then questioned as to what injuries he sustained. The juror replied in substance that most of the damage was to his automobile; that he settled on the basis of damages thereto and that his personal injuries were slight. After the verdict was returned it was discovered that he had received in settlement for his damages in the

matter in which he was interrogated the sum of $1,700; that the draft which he received in payment showed on its face that it was for property damages $350 and personal injuries $1,350. The juror's explanation is that his personal injuries were trivial; that his principal damage was to his automobile; that he was not concerned as to the method in which the insurance company apportioned the damages so long as he received payment for his car; that he insisted that the car be replaced and that the amount received was no more than sufficient to procure him another car in place of the one that was damaged.

It is true, as insisted by the defendant, that every suitor is entitled to a fair trial before unprejudiced jurors, and if a juror is permitted to sit on account of a false answer given by him to a material question, it is a fraud upon the court and the parties, and the verdict may well be set aside. (Citing *Slater* v. *United Traction Company*, 172 App. Div. 404; *Baccelli* v. *Booth*, 75 Misc. 260; *McGarry* v. *City of Buffalo*, 24 N. Y. Supp. 16; affd., 70 Hun, 597; *Fealy* v. *Bull*, 11 App. Div. 468; *Knice* v. *Hedges*, 119 Misc. 1; affd., 205 App. Div. 871; *Matter of Vanderbilt*, 127 id. 408; *Harris* v. *Eclipse Light Co.*, 114 Misc. 399.)

In the case at bar I do not believe that the juror was prejudiced. He had no interest in the case on trial. I do not think the verdict can be said to be excessive and nothing appears to show that the other eleven jurors were in any way improperly influenced. If the facts indicated that the juror was influenced by corrupt or improper motives, or that he had some bias, undoubtedly the defendant should have relief. I think the facts here indicate that the juror had no such motive; that he was not intending to deceive the attorney or the court and that the case was determined upon the merits without ulterior influence or motives and without bias. The case in question was the first one tried at the term lasting practically five weeks. It seemed to me that the jury which served at this term of court was a very conscientious and intelligent one. The juror in question served throughout the term and I felt that he was a particularly useful, intelligent and conscientious member of the panel. To assume that because he had been involved in an automobile accident and obtained a settlement he would thereby be biased, is not a necessary conclusion nor one that is demonstrably accurate. In this case I do not believe it. Why should it be inferred that the juror was biased because of this previous experience in his life any more than by his general knowledge and information that automobile accidents are happening with increasing frequency? If the juror's past experiences are to be inquired into to determine what his psychology is, then, logically, the sum total of all the

experience of his life should be known. Life is too short to permit such an extended examination. The laws governing the workings of the mind are too little understcod to afford a solid foundation upon which to base such an assumption of bias. It may be argued that for this very reason the verdict should be set aside because it cannot be determined just what effect the juror's personal experience might have had in influencing his decision. It seems to me the answer to this is, that to entitle the defendant to the relief here sought he should be required to establish bias by something more substantial and tangible than mere surmise. If we are to disqualify jurors because they have themselves been involved in automobile accidents, the quantity of available jurors will be substantially and increasingly reduced. I prefer to believe that the average juryman has more common sense, good judgment and strength of character than to be thus biased. An honest and unbiased jury was all the defendant was entitled to. This I think he had. The motion is denied, with ten dollars costs.