[Civ. No. 9249. First Appellate District, Division Two.—August 31, 1934.]

MARGARET WILLIAMS, Respondent, v. H. A. BRIDGES, Appellant.

Louis Oneal, Maurice J. Rankin and Arthur G. Shoup for Appellant.

Gillis & Edwards and Gillis, Edwards & Singrey for Respondent.

STURTEVANT, J.—In an action to recover damages for personal injuries the jury returned a verdict in favor of the plaintiff and from the judgment entered thereon the defendant has appealed.

In his first point he claims that his motion for a new trial should have been granted because the juror, Miss Vina Lewis, who had witnessed the accident and had formed and held an opinion that the defendant was liable, on her *voir dire* examination falsely denied having any knowledge of the accident, her answers were believed, she was sworn as a juror, and thereafter with eight other jurors, nine in all, brought in a verdict in favor of the plaintiff. In support of the point the defendant quotes the *voir dire* examination of the juror. In part it is as follows:

"Q. You understand that you are to judge this case solely from the facts presented from the witness stand? A. Yes. Q. And that the court will instruct you in the law and you are to follow the instructions given to you by the court as to the law; will you do this? A. Yes. Q. After the testimony in this case has been submitted to you and the instructions have been read to you by the court, do you feel free to, yourself make your own judgment on the case? A. I do. Q. Would you allow any ulterior motive or anything else to influence you in your judgment? A. No. Q. Do you know of any reason whatsoever why you could not sit as a fair and impartial juror in this case? A. No. . . . Q. And you know nothing about the facts of this case? A. Absolutely nothing. . . . Q. You understand the defendant has the same right to come in and defend the case as the plaintiff has to bring the case in the first instance, and so you will enter upon this case with an open mind as you would like to have twelve jurors come here and hear the case and decide the facts, if you were one of the parties? A. Yes." He then quotes from the reporter's transcript showing that after the jury had brought in its verdict the jurors were polled and in reply to the questions put by the clerk Miss Vina Lewis and eight others stated that it was their verdict. Three other jurors, including Mary Oaks, stated that it was not. Thereafter the defendant made a motion for a new trial on all of the statutory grounds. In support of his motion he introduced the entire *voir dire* examination

of the juror Vina Lewis. He also introduced the affidavit of E. L. Edwards and the affidavit of Ethel Cashel, both of whom had acted as jurors and voted for the verdict. He also introduced the affidavit of Charles R. Stone and the affidavit of the defendant H. A. Bridges. The verdict was returned on March 30, 1933. The affidavits of those who had acted as jurors recited facts that transpired in the jury room. The affidavit of Charles R. Stone recited a conversation he held with Vina Lewis on the eleventh day of April, 1933. The affidavit of H. A. Bridges recites that he is the defendant; that the trial commenced March 27, 1933, and terminated March 30, 1933; that Vina Lewis acted as a juror; that prior to the time she was accepted as a juror he was not acquainted with her, had never seen her, and knew nothing about her qualifications to act as a juror; that he did not know at the time she was called as a juror that she knew anything about the merits of the case on trial; that he accepted her as a juror acting solely on her statements made on her *voir dire* examination. Continuing he alleges that he knew nothing to the contrary until six days after the verdict was rendered. Mr. Rankin, the attorney for the defendant, presented his affidavit alleging, among other things, that he knew nothing about the qualification of Vina Lewis; that he did not know her, and as defendant's counsel accepted her as a juror acting solely on the statements made by the juror upon her *voir dire* examination. The defendant also introduced the affidavit made by the juror Mary Oaks, in which she deposed as follows:

"That she resides in the County of Santa Clara, State of California;

"That she was one of the members of the jury that tried the above entitled case in the above entitled court; that said jury rendered a verdict therein on March 30th, 1933, in favor of the plaintiff; that said jury stood nine for the verdict and three against it; that one of the jurors in said jury was a Miss Vina Lewis; that said Miss Vina Lewis voted in favor of the plaintiff; that after said jury was instructed by the judge in the above entitled court, the jury adjourned to the jury room for deliberation; that during such deliberation said Vina Lewis stated in the presence of affiant and the other jurors that she, the said Vina Lewis, knew about the accident out of which said case arose, as

she had passed the place on South First Street where the accident occurred prior to or at the time of said accident, and that she had noticed that the fence was flimsily constructed and was not surprised that it fell because it was so poorly constructed." The plaintiff offered no affidavits or evidence of any kind.

The defendant earnestly claims that his motion should have been granted because, as he asserts, it was fully supported by the facts and came within the provisions of both division 1 and division 2 of section 657 of the Code of Civil Procedure. The plaintiff replies that it is settled law that the affidavits of jurors will not be received to impeach their verdict except where the verdict is reached by resort to the determination of chance. (20 Cal. Jur. 61.) That reply is quite sufficient as to words or acts inherent in the verdict and which had their origin after the impanelment, and before the discharge of the jury. The authorities cited by the plaintiff all fall within that class. No one of them rested on facts, as presented in the instant case, which had their origin before the impanelment, and continued until the discharge of the jury. The rule seems to be general that, "It is ground for new trial that a juror had personal knowledge of material facts in the case, had formed and expressed an opinion on the case . . . if such ground of objection was denied or concealed by the juror on proper inquiry on his *voir dire* examination . . . " (46 C. J. 92; *Lane* v. *Vaselius,* 137 Misc. 756 [244 N. Y. Supp. 585, 586]; *Kelley* v. *Adams County,* 113 Neb. 377 [203 N. W. 544]; *Rhoades* v. *El Paso & S. W. Ry. Co.,* (Tex. Com. App.) 248 S. W. 1064, 1066; *Harding* v. *Fidelity & Casualty Co.,* (Mo. App.) 27 S. W. (2d) 778.) We do not understand the plaintiff to contend to the contrary. However, she does challenge the proof that was offered by the defendant as being competent and she relies on the cases cited in 20 California Jurisprudence, 61. But no one of those cases involved a false answer made on the juror's *voir dire* examination. That distinction is very material. However, there are California cases in which it was claimed that a juror had intentionally made a false answer on his *voir dire* examination. The last one we have found is *People* v. *Galloway,* 202 Cal. 81 [259 Pac. 332]. That case rested on the provisions of the Penal Code, sections 1179–1182. Those

sections are not as broad as the provisions of the Code of Civil Procedure. Nevertheless the court held that the affidavits of jurors which purported to state relevant evidence were competent and should have been received. ■ The rules of evidence are the same in both civil and criminal actions. (Pen. Code, sec. 1102.) In *Sherwin* v. *Southern Pac. Co.*, 168 Cal. 722, at page 725 [145 Pac. 92], the court said:

"The only matter urged as ground for a new trial occurred during the examination of the jurors upon the *voir dire*. One C. C. Horton was called and sworn to answer questions. After having been examined and passed by the plaintiff, the following colloquy occurred during his examination by the attorneys for the defendant:

" 'Q. Were you ever injured in a railroad accident? A. No sir. Q. Any member of your family ever injured in a railroad accident? A. No sir. Q. Never had any suits against the railroad company? A. No sir.' After some further questions on other subjects, he was accepted by both parties, sworn as a juror and sat in the trial of the cause. The defendant exercised its four peremptory challenges upon other persons called to serve as jurors.

"After the verdict the defendant asked for a new trial on the ground that Horton had given untrue answers to the last two of the aforesaid questions. In support thereof affidavits were filed showing that at the time of the trial an action was pending in that court wherein Harold Johnson, a minor, by C. C. Horton, his guardian *ad litem*, was plaintiff and the Southern Pacific Company was defendant; that it was an action to recover damages for personal injuries to Johnson alleged to have been caused by the negligence of said defendant; that Johnson was the grandson of the wife of Horton; that the attorneys for the defendant who conducted the trial were ignorant of the fact that Horton was acting as the guardian *ad litem* of Johnson in said action or of his relation to Johnson, and did not discover the same until after he was accepted as a juror in the cause, and that if they had been aware of said facts they would have challenged Horton for cause, as a juror, and, if necessary, would have excluded him from the jury by a peremptory challenge, and that they exhausted their peremptory challenges on other jurymen.

"The affidavits in support of the motion for a new trial merely show that the attorneys conducting the trial for the defendant were not aware of the facts aforesaid at the time the impanelment of the jury was completed. They do not show that they did not discover said facts afterwards during the trial and before the rendition of the verdict. It may be conceded that the conduct of the juror Horton in giving a false answer to the questions put to him constituted misconduct or irregularity on his part sufficient to warrant the granting of a new trial therefor. (See Hayne on New Trial and Appeal, rev. ed., sec. 45.)'' In *Earl* v. *Times-Mirror Co.*, 185 Cal. 165, 178 [196 Pac. 57], the defendant made the same contention that this defendant now makes and tendered affidavits to prove the answers by the juror on his *voir dire* were false. The court did not hold that the affidavits were inadmissible (*Kimic* v. *San Jose-Los Gatos etc. Ry. Co.*, 156 Cal. 379, 397 [104 Pac. 986]), but carefully considered all of them and concluded that the moving party had not proved that the statements on *voir dire*, or any of them, were false. In *West Coast Securities Co.* v. *Kilbourn*, 110 Cal. App. 293 (application to transfer denied), after quoting the record to show that the same point was made, at page 296 [294 Pac. 57], the court said:

"The foregoing, if true, indicated that the juror was not unprejudiced; and it has been held that where a person is prejudiced against a class of persons he is not a proper juryman in a case where one of that class is interested. (*Lawlor* v. *Linforth*, 72 Cal. 205 [13 Pac. 496]; *Lombardi* v. *California Street Ry. Co.*, 124 Cal. 311 [57 Pac. 66], and if he gives false answers on his *voir dire* a new trial should be granted. (*People* v. *Galloway*, 202 Cal. 81 [259 Pac. 332].)'' In *Clark* v. *United States*, 289 U. S. 1 [53 Sup. Ct. 465, 77 L. Ed. 993], the question was presented in a criminal contempt arising in a case entitled *United States* v. *Foshay*. At page 14 the court said:

"Assuming that there is a privilege which protects from impertinent exposure the arguments and ballots of a juror while considering his verdict, we think the privilege does not apply where the relation giving birth to it has been fraudulently begun or fraudulently continued. Other exceptions may have to be made in other situations not brought before us now. It is sufficient to mark the one that is deci-

sive of the case at hand. The privilege takes as its postulate a genuine relation, honestly created and honestly maintained. If that condition is not satisfied, if the relation is merely a sham and a pretense, the juror may not invoke a relation dishonestly assumed as a cover and cloak for the concealment of the truth. In saying this we do not mean that a mere charge of 'wrongdoing will avail without more to put the privilege to flight. There must be a showing of a *prima facie* case sufficient to satisfy the judge that the light should be let in. Upon that showing being made, the debates and ballots in the jury room are admissible as corroborative evidence, supplementing and confirming the case that would exist without them. Let us assume for illustration a prosecution for bribery. Let us assume that there is evidence, direct or circumstantial, that money has been paid to a juror in consideration of his vote. The argument for the petitioner, if accepted, would bring us to a holding that the case for the people must go to the triers of the facts without proof that the vote has been responsive to the bribe. This is paying too high a price for the assurance to a juror of serenity of mind. (*People ex rel. Nunns* v. *County Court,* [188 App. Div. 424 (176 N. Y. Supp. 858)], *supra.*)''

As we understand it, the Supreme Court of this state declared the same rule for the same reasons in *People* v. *Galloway,* 202 Cal. 81, when, at page 91 [259 Pac. 332], it said:

''We think that *People* v. *Fair* [43 Cal. 137], *supra,* omits the recognition of a well-defined distinction which exists between a case where a juror was not interrogated upon the subject, or where he admitted his bias and expressed the belief that he could lay it aside, and a case where a juror concealed his prejudiced state of mind when examined on his *voir dire* and entered upon the discharge of his duty as such juror while in such mental condition. In the second instance, actual bias becomes, where concealed, positive misconduct and continues to be such throughout such juror's service on the case, and if such misconduct is not known to the accused until after the trial and verdict, we see no reason whatsoever why the court should not have power to grant to the accused a new trial, basing it upon said subdivision 3 of section 1181 of the Penal Code.'' The distinction there made is the one on which it must be

held that the defendant made a complete showing on his motion for a new trial and the court should have granted the motion.

In view of the conclusions we have reached on this point it is not necessary to discuss other points presented by the record.

The judgment is reversed.

Nourse, P. J., and Spence J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 29, 1934, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 29, 1934.