[Civ. No. 13007.   Second Dist., Div. Two.   Oct. 14, 1941.]

RUTH MAFFEO, Appellant, v. CHESTER S. HOLMES et al., Respondents.

Ira J. McDonald for Appellant.

Nourse & Jones for Respondents.

MOORE, P.. J.—Plaintiff appeals from a judgment after verdict against her in this action for damages on account of the alleged wrongful death of her minor child, Teddy. Motion for a new trial seasonably made was denied by the expiration of 60 days from the date of filing of the notice of intention to make the motion. The ground specifically relied upon for the new trial was the conduct of certain jurors in visiting the scene of the accident and reporting their observations to the jury during deliberations.

Teddy had visited the public library at Crenshaw and 66th Street just before the accident. The librarian on hearing a traffic noise rushed out to find one automobile and the boy's body which lay between the two street car tracks 128 feet north of 66th Street. The left front fender of the automobile was buckled and the headlight was broken and "burned out." The car that collided with the child was driven by defendant Gladys. She had entered Crenshaw at Florence Avenue about ten blocks south of 66th Street. Her headlights were burning as she drove along the northbound car track at about 25 miles per hour. The left side of the car was about 2½ feet east of the center of the street. Having seen Teddy standing on the left rail an instant before the collision, the driver had no time to slow down. She stopped at a distance of about "one and one-half car lengths" after the collision. The police found the body lying 12 feet in the rear of the car. From the center of 55th Street, no cars were ahead of Mrs. Holmes as she drove northward. The lighting was poor, only one-half of the street lamps were lighted.

Plaintiff contends that the evidence was conflicting in view of the presumption that the boy was exercising ordi-

nary care for his own safety and of the facts that defendant drove at a speed in excess of 25 miles per hour and either her headlights did not illuminate objects at 200 feet or she did not pay sufficient attention to the terrain ahead of her. Inasmuch as the evidence was thus conflicting, she argues, it would have sustained a verdict for plaintiff and therefore the conduct of the jury was "highly important so that any improper considerations on the part of the jury were bound to tip the scales in favor of the defendant" and therefore were highly prejudicial.

This contention brings us immediately to a consideration of the motion for a new trial. Such matters are usually addressed to the discretion of the trial judge. Four of the jurors deposed that jurors Frank Stell and Jennie Taylor had, during the trial, visited the scene and reported their observations during deliberations.

According to the affidavit of juror Williams, Stell told the jury that he had visited the scene of the accident at approximately the same hour of the day as that on which it had occurred; had driven his car along the street in the same general course driven by Mrs. Holmes; that he had alighted and made further observations with regard to lighting conditions and the position of the boy's body after the accident with reference to the cross walk; that he had observed a dark shadow approximately at the place where the boy had been struck; that in his opinion it would have been difficult for Mrs. Holmes, while driving as she did, to see the deceased if he was standing still; that juror Jennie Taylor made similar remarks and stated that after carefully considering and observing the place of the accident and surrounding conditions she could understand how Mrs. Holmes could have driven where she drove without seeing deceased.

The affidavit of jurors Hall and Ottun reported substantially the same facts as those reported by Williams and in addition thereto Hall averred that when, during the deliberations, a number of jurors desired the instructions of the court re-read and explained, Mr. Stell stated that he had written down the instructions in shorthand and could tell the jury exactly what had been given and thereupon read his notes of the instructions.

Plaintiff and her counsel both filed affidavits to the effect that they had no knowledge of the conduct of the jurors

Stell and Taylor prior to the verdict. The affidavit of Mr. Maynard B. Henry is to the effect that on the 31st of March, 1940, he called upon juror Jennie Taylor at her home for a conference; that Mrs. Taylor there stated to him that she had visited the scene of the accident and had made certain observations and that during the deliberations she had related them to the jury.

Appellant ardently contends that in view of the denial of her motion by operation of law, by reason of the peculiar quality of the claims which she makes, the ends of justice require that the automatic order be reviewed by this court. (Citing *Hughes* v. *De Mund*, 195 Cal. 242 [233 Pac. 94]; *Dolan* v. *Superior Court*, 47 Cal. App. 235 [190 Pac. 469]; *City of Los Angeles* v. *Oliver*, 102 Cal. App. 299 [283 Pac. 298], and Code Civ. Proc., sec. 956.)

While we cannot too severely condemn the officious conduct of those jurors who make independent investigations of the facts they have been impaneled to determine and especially of those who volunteer their observations to their uninitiated co-laborers (*Higgins* v. *Los Angeles Gas & Elec. Co.*, 159 Cal. 651 [115 Pac. 313, 34 L. R. A. (N. S.) 717]) yet this appeal must fail because of a long established principle, towit, a verdict cannot be impeached by affidavits of jurors that some of their number were guilty of misconduct during the deliberations. The only exception to this rule is in the case of verdicts reached by chance. (Code Civ. Proc., sec. 657, subdivision 2.) . Such affidavits or testimony or extra-judicial statements offered to disclose the behavior of a juror shall be rejected upon considerations of public policy. (*De Garmo* v. *Luther T. Mayo, Inc.*, 4 Cal. App. (2d) 604 [41 Pac. (2d) 366]; *Kent* v. *Los Angeles Ry. Corp.*, 29 Cal. App. (2d) 435 [84 Pac. (2d) 1057].) To secure the freedom of jurors in the exercise of their normal function of deriving a just decision, the legislature has provided this safeguard. To allow verdicts to be defeated because of improper remarks of a juror in the course of their deliberations upon the issues under consideration would be calculated to discourage free discussion which is deemed essential to the development of a full knowledge and a ripe judgment of the jury. (*Metcalf* v. *Romano*, 83 Cal. App. 508 [257 Pac. 114].)

■ Since a juror is not permitted to make an affidavit of his own misconduct, after the cause has been submitted, neither reason nor morals can uphold the behavior of a juror in reporting his wayward findings to those who were not participants in his irregularities. (*Siemson* v. *Oakland, San Leandro & Hayward Elec. Railway,* 134 Cal. 494 [66 Pac. 672].) The consideration by the court of such improper remarks of a juror ''would defeat the very purpose of the wholesome rule adopted in the interest of public policy.'' (*Crabtree* v. *Western Pacific Railroad Co.,* 33 Cal. App. (2d) 35 [90 Pac. (2d) 835].)

■ Appellant attempts to overcome the force of section 657 by her arguments: (1) that the court did not act upon her motion for a new trial, and (2) that the court received and filed the affidavits which gives to them the value of legal proof which, not being denied, establishes the facts recited by them. Whether the trial judge affirmatively acted or passively allowed the motion to be denied does not alter the rule that the order will not be disturbed unless it be shown that there was an abuse of discretion in denying the motion. (*Schultz* v. *Sussman,* 7 Cal. App. (2d) 100, 102 [45 Pac. (2d) 409].) It is not shown that the jurors' misconduct substantially prejudiced the rights of plaintiff. By the denial of the motion the implication of the court's order is that no prejudice was suffered. (*MacPherson* v. *West Coast Transit Co.,* 94 Cal. App. 463, 468 [271 Pac. 509].) Neither may appellant profit by having filed the affidavits which she knew were not acceptable as proof of her right to a new trial. If the law forbids the impeachment of a verdict by such affidavits the law cannot be defeated either by the action of the losing party in filing affidavits to impeach the verdict or the inaction of the trial judge who may be assumed to have disregarded them. (*Toomes* v. *Nunes,* 24 Cal. App. (2d) 395, 399 [75 Pac. (2d) 94].)

■ Appellant observes that section 657 of the Code of Civil Procedure makes no mention of the false answer on *voir dire* as a ground for granting a new trial and that it has been held that such false answers justified such order. (*Williams* v. *Bridges,* 140 Cal. App. 537 [35 Pac. (2d) 407].) By analogy, she contends that the rule of *expressio unius est exclusio alterius* is not to be applied in the consideration of that section. But it requires no philosopher to discern that

proof of the perfidy of a person in qualifying to become a juror in a case is an altogether different matter from that of opening to view the deliberations preceding a verdict. In order to make evidence of misconduct during deliberations of any value, it would be necessary to show that such misconduct improperly influenced the verdict. This cannot be done in the manner here attempted (*People* v. *Stokes,* 103 Cal. 193, [37 Pac. 207, 42 Am. St. Rep. 102]), and for the very good reason that no juror can specifically establish that he reached his verdict by reason of secret evidence of the *locus in quo* related by an erring juror and not by reason of the testimony of the sworn witnesses, the arguments of counsel, the instructions of the court, or the legitimate suasions of his cojurors. The jury must be presumed to have done its duty in reaching a verdict. (Code Civ. Proc., sec. 1963, subd. 15.) This presumption prevails except where proof authorized by the legislature justifies the upsetting of the verdict.

Appellant contends that under subdivision 1 of section 657, Code Civ. Proc., she is entitled to a new trial. That subdivision reads: "Irregularity in the proceedings of the . . . jury . . . by which either party was prevented from having a fair trial. . . . " But in the instant case no such irregularity occurred as that contemplated by the section. The irregularity relied upon is one which is not, according to the cited authorities, a ground for a new trial.

The judgment is affirmed.

Wood, J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 11, 1941. Houser, J., and Carter, J., voted for a hearing.