[Civ. No. 15337.   Second Dist., Div. Three.   Feb. 11, 1947.]

WALTER POLLIND, a Minor, etc., Appellant, v. JOHN P. POLICH, Respondent.

88

McCarroll & McCarroll for Appellant.

Bauder, Veatch & W. I. Gilbert for Respondent.

SHINN. J.—Plaintiff and Buddy Stansfield were guests riding in the Ford automobile of Roy Secrest, the three being

boys approximately 17 years old. The car entered the intersection of 43d Street and Leimert Boulevard from the west, traveling from 5 to 10 miles an hour as it crossed the intersection. Leimert Boulevard at 43d Street is approximately 90 feet in width, bisected in the center by streetcar tracks extending parallel with Leimert Boulevard. When the front wheels of the Ford were either over, or very close to, the westerly rail of the southbound streetcar tracks, it was struck in the left rear portion by a Buick automobile driven by defendant, traveling south on Leimert Boulevard at approximately 35 miles an hour. There was a boulevard stop sign on 43d Street at Leimert but none on the latter street. Plaintiff brought suit for injuries sustained in the accident. The case was tried to a jury, a verdict returned in favor of defendant, and plaintiff appeals.

One of the points on appeal is that the evidence established as a matter of law that defendant was guilty of negligence which was a proximate cause of the accident. In plaintiff's brief it is said: "The only conflict of any importance is as to whether or not the driver of the Ford car, in which appellant was a passenger, made the boulevard stop prior to entering the intersection." The evidence is then analyzed for the purpose of showing that there was no substantial evidence that the driver of the Ford car did not make the boulevard stop. That, however, was not the decisive question in the case. Section 577 of the Vehicle Code reads as follows: "The driver of any vehicle upon approaching any entrance of a highway or intersection signposted with a stop sign as provided in this code, except as otherwise permitted or directed in this code, shall stop before entering the nearest crosswalk or, if none, then at a limit line when marked, otherwise before entering such highway or intersection." The jury was instructed in the language of that section and also of section 552, Vehicle Code, that "The driver of any vehicle which has stopped as required by this code at the entrance to a through highway shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicle so about to enter or cross the

through highway." Defendant had a right to assume not only that the car in which plaintiff was riding would make the required stop at 43d Street, until he observed or, in the exercise of ordinary care, would have observed that the driver was not making a stop, but also that the Ford car would not enter the intersection in front of cars approaching so closely as to constitute an immediate hazard. Defendant's car was traveling behind and in a line to the left of the car of one Pulliam. Defendant testified that he saw the Ford car approaching when it was about 30 feet west of the intersection, but as he was passing the Pulliam car his view of the Ford was obstructed as he approached the intersection, and that he assumed that Secrest, the Ford driver, would stop long enough to allow his car and the Pulliam car to pass through the intersection first. He also testified that he next saw the Ford when it was about 12 or 15 feet in front of him, but that he, the defendant, could not swerve to the right to avoid a collision because of the Pulliam car. Secrest testified that he saw the Pulliam car approaching but did not see that of defendant. It was clearly a question of fact whether defendant was guilty of negligence in assuming that Secrest would not enter the intersection in front of his car and that of Pulliam, but would remain at the boulevard stop sign until the two cars had passed. (*De Priest* v. *City of Glendale*, 74 Cal.App. 2d 464 [169 P.2d 17].) It was also a question of fact whether under the circumstances defendant's car was being driven at a negligent rate of speed. (*Greenwood* v. *Summers*, 64 Cal. App.2d 516 [149 P.2d 35]; *Gayton* v. *Pacific Fruit Express Co.*, 127 Cal.App. 50, 57-8 [15 P.2d 217].) We are satisfied from an examination of the evidence that the jury was justified in finding defendant to have been free from negligence and that the negligence of Secrest was the sole proximate cause of the accident. The verdict finds support in the evidence and no reason appears why it should be disturbed.

An instruction requested by plaintiff was modified by the court to read as follows: "If you find that the injuries of plaintiff were proximately caused by the negligence of defendant John Polich, your verdict should be for the plaintiff. The driver of the car in which plaintiff was riding is not a party to this action. His conduct is not to be considered by you, except as it may or may not tend to show whether or not defendant was negligent in a way which proximately caused plaintiff's injuries." An instruction requested by defendant

was modified by the court to read: ''The fact that the plaintiff was riding as a guest in the Ford car, and was not chargeable with the negligence, if any, of the operator of said vehicle, does not relieve the plaintiff of his burden of proving that his injury was the result of the negligent conduct of the defendant.'' Appellant complains that in modifying these two instructions, the court did not properly instruct the jury on the doctrine that the negligence of a driver is not imputed to a guest passenger. The instructions were omitted from the settled statement under a stipulation that they might be transferred to this court as a part of the record on appeal. We have examined the original requested instructions and find no reversible error in the modifications thereof. Plaintiff's requested instruction was not a clear or adequate statement of the rule that the negligence of the driver was not imputable to his guests, and in its original form would have been no more favorable to plaintiff than it was as modified. No other instruction on the rule of imputed negligence was requested by plaintiff and none was given. The jury was, however, instructed that plaintiff should recover if it should be found that defendant was negligent and that his negligence proximately contributed to the accident. The two modified instructions, read together, are not susceptible of the interpretation claimed by plaintiff, namely, that plaintiff could not recover unless defendant's negligence was shown to have been the sole proximate cause of the injuries.

■ Plaintiff's third contention is that the trial court should have granted his motion for a new trial because of alleged misconduct of the jury which materially affected his substantive rights. It is claimed that one of the jurors, Haden, falsely answered questions on his *voir dire* examination, in that he falsely denied having any knowledge of the intersection where the accident occurred, and falsely concealed his personal knowledge and opinion of the intersection, and that he was prejudiced against a class of persons to which appellant belonged, namely, boy drivers, and falsely concealed such fact on his *voir dire* examination. It appeared by the affidavits of other jurors on the panel that Mr. Haden, who was foreman, stated many times that he knew the intersection well, that he had traveled Leimert Boulevard at that point many times and that it is a highly traveled boulevard; ''that you don't expect cross traffic at that intersection''; also, that Mr. Haden made

statements to the effect that "kid" drivers were reckless and "shouldn't be allowed on the streets."

The verdict of a jury cannot be impeached by affidavits of the jurors, except upon the ground that it was arrived at by resort to chance. (Code Civ. Proc., § 657, subd. 2; *People* v. *Gidney,* 10 Cal.2d 138, 146 [73 P.2d 1186]; *Maffeo* v. *Holmes,* 47 Cal.App.2d 292 [117 P.2d 948].) Exception is made to this rule where it is shown or attempted to be shown by statements made by a juror during the course of the trial and by his *voir dire* examination that at the time of the examination he intentionally concealed facts which would tend to show that he entertained a state of mind which would render him disqualified to serve as a fair and impartial juror. (*Estate of Mesner,* 77 Cal.App.2d 667 [176 P.2d 10].) Particular conditions under which affidavits of jurors are admissible need not be considered. The present case is clearly not within the exception to the general rule. We might well disregard this point altogether, since the engrossed statement does not contain the *void dire* examination of the jurors. However, respondent concedes for the sake of the argument, as contended in appellant's brief, that the jurors, including Mr. Haden, gave a negative answer to the question by the court: "Do you know anything about this collision . . . at the intersection of 43d Street and Leimert Boulevard?" They were not asked any questions as to their knowledge of the intersection, traffic conditions in the vicinity, or as to their prejudice against young drivers. If it had been feared by plaintiff that the jurors might be prejudiced against the driving of automobiles by young boys, they should have been questioned on that point. (*Davilla* v. *Liberty Life Ins. Co.,* 114 Cal.App.308, 312 [299 P. 831].) And it may be, too, that Mr. Haden's thoughts on the subject were developed during the trial from testimony indicating that the Secrest car was driven slowly through the intersection without regard to oncoming traffic on the arterial highway. The fact that he was familiar with the intersection is of no consequence. A diagram was introduced in evidence and there was much testimony as to the traffic conditions in the locality. If there were merit in appellant's argument, it would frequently be impossible to find other qualified jurors or judges to try actions arising out of traffic accidents. ■ The affidavits of the jurors as to the statements of Mr. Haden were incompetent as evidence on the motion for new trial, for the reason that, taken with the *voir dire* examination of the juror, they

did not tend to prove any false statement or concealment by him of a material fact or the existence of a prejudicial state of mind at the time of his examination.

The judgment is affirmed. The attempted appeals from the order striking out the affidavits of jurors on motion for new trial, and the order denying the motion for new trial are dismissed.

Desmond, P. J., and Wood, J., concurred.

A petition for a rehearing was denied March 13, 1947.