[Civ. No. 21389.   Second Dist., Div. Two.   Jan. 25, 1956.]

WILLIE FORMAN et al., Appellants, v. ALEXANDER'S MARKETS (a Corporation) et al., Respondents.

Irving H. Brott for Appellants.

Zahradka, Glines & Bentley for Respondents.

FOX, J.—This is an action for personal injuries growing out of a motor vehicle collision. After trial by jury, a verdict was rendered in favor of defendants, upon which judgment was entered. A motion for new trial was denied. Plaintiffs appeal from the judgment and the order denying their motion for a new trial.

Plaintiffs' principal contention is that they were denied a fair trial because of the misconduct of several jurors, as set out in affidavits filed in support of their motion for a new trial.

The record on appeal consists of the judgment roll and a partial reporter's transcript, which is limited to the *voir dire* examination of the jury by the court and counsel, the jury instructions, and the proceedings on the motion for the new trial.

During the impanelment of the jury, the court inquired as follows of the prospective jurors: ''Bearing in mind that everyone is entitled to a fair and impartial judgment, irrespective of race, color or creed, it is a fact that some of the parties here concerned are persons of color or of race which are not Caucasian, and would that influence you in the slightest?'' There was no response, indicating that no one entertained such prejudice. On *voir dire* plaintiffs' counsel propounded questions seeking to elicit whether any of the prospective jurors harbored racial prejudice which would preclude their granting plaintiffs a fair trial. The veniremen disavowed the existence of such prejudice.

Plaintiffs filed the affidavits of four jurors in support of their motion for a new trial. Three of the affidavits are substantially similar. Typical of these is the following, executed by Sara C. Breuer, who deposed:

''That she was one of the jurors duly impaneled and heard the above captioned case tried in Department 67 before the Honorable Leon T. David, Judge presiding.

''That the jury impaneled in said trial immediately after the selection of its foreman became completely disorderly and did not permit full discussion of the case.

''That Eunice M. Talmadge, one of the jurors, stated that she desired to discuss the case fully before taking a vote

and at one time requested that portions of the testimony of the defendant Eddie Roy Lee be reread and pursuant to her wish, called for the bailiff to so advise the presiding judge and that some of the other jurors became extremely loud and boisterous and told the bailiff, against her wishes, to disregard the request because the majority of the jurors did not wish the testimony to be reread. It was her wish, however, that the testimony of defendant Lee be reread so that she may refresh her recollection of the testimony given by him.

"That Mrs. Ruth A. Nichols monopolized all of the discussion and did not permit others to have a voice in the deliberation. She stated that she had discussed this case with her husband who is a truck driver and by reason of said discussion was convinced that the plaintiffs in this case were negligent. Your affiant called her on this point and pointed out to her that discussion of this case with her husband was in violation of the court's admonition. She then stated that she did not discuss the entire case with him but merely discussed certain portions relating to skid marks. Mrs. Nichols monopolized all of the time and did not permit others to voice an opinion. She was extremely loud and shouted everyone down who attempted to voice an opinion. She stated that her husband, being a truck driver, was familiar with the habits of truck drivers and that they are at all times safe drivers.

"Throughout the entire deliberation the jury room was in complete disorder and several of the jurors stated that negroes cannot be believed because they are liars and since the plaintiffs in this case are negroes, a verdict should be brought in in favor of the defendants.

"The first vote of the jury resulted in 8 to 4 in favor of plaintiffs. Immediately after this vote, Mrs. Nichols became loud and boisterous and monopolized all of the time of the discussion. It was then that she stated that she had discussed the matter with her husband and based on that discussion, she was convinced that the plaintiffs in this case were negligent. This affiant does not know which of the jurors stated that negroes are liars, but such remarks were made by several of the jurors in the jury room during the deliberation."

The fourth affidavit is of like import, except that it omits any reference to statements allegedly made relative to the veracity of Negroes.

Neither plaintiffs nor their counsel filed any affidavits in

support of the motion. No counteraffidavits were filed by defendants.

It is at once apparent that so far as the affidavits by the jurors purport to indicate (1) that juror Nichols received evidence out of court which she discussed in the jury room during the deliberations; (2) that Mrs. Talmadge was prevented from having certain portions of the testimony reread to her, and (3) the deliberations in the jury room were disorderly and monopolized by juror Nichols, they are inadmissible and furnish no basis for setting aside the judgment. ■ Affidavits of the jurors cannot be received to impeach their verdict, except upon the ground that it was reached by resort to chance. (Code Civ. Proc., § 657, subd. 2; *People v. Gidney*, 10 Cal.2d 138, 146 [73 P.2d 1186]; *Maffeo v. Holmes*, 47 Cal.App.2d 292 [117 P.2d 948]; *Buckley v. Chadwick*, 45 Cal.2d 183, 207 [288 P.2d 12, 289 P.2d 242].)

■ However, plaintiffs correctly point out that to this rule there has been engrafted a well-recognized exception. Thus, affidavits of jurors are admissible which relate to occurrences during the trial and the deliberations of the jury tending to establish the bias of a juror or other prejudicial circumstance existing at the time of his impanelment which he concealed during the *voir dire* examination directed to that point. (*Shipley v. Permanente Hospital*, 127 Cal.App.2d 417 [274 P.2d 53]; *Pollind v. Polich*, 78 Cal.App.2d 87, 92 [177 P.2d 63]; *Williams v. Bridges*, 140 Cal.App. 537 [35 P.2d 407].) But such affidavits must be accompanied by an affirmative showing that neither the moving party nor his counsel had knowledge of such dereliction on the part of the juror prior to the rendition of the verdict. (*Sherwin v. Southern Pac. Co.*, 168 Cal. 722, 726 [145 P. 92]; *Newman v. Los Angeles Transit Lines*, 120 Cal.App.2d 685, 694 [262 P.2d 95]; *Gray v. Robinson*, 33 Cal.App.2d 177, 183 [91 P.2d 194]; *Lafferty v. Market Street Ry. Co.*, 7 Cal.App.2d 698, 702-703 [46 P.2d 996].) ■ In the sound discretion of the court, " 'A new trial may be granted upon the ground a juror made untrue answers to questions asked upon his *voir dire, if it appears the moving party was not aware of the falsity at the time of the completion of the impanelment of the jury, and did not discover such fact during the trial and before the rendition of the verdict.' "* (Emphasis added.) (*Lindemann v. San Joaquin Cotton Oil Co.*, 5 Cal.2d 480, 495 [55 P.2d 870].)

■ In the case at bar, neither plaintiffs nor their attorney

submitted any affidavits. Plaintiffs have failed to show affirmatively in support of their motion for a new trial that both they and their counsel were ignorant of the facts constituting the claimed misconduct prior to the rendition of the verdict. The absence of such a showing in support of the motion for a new trial is fatal. (*Sherwin* v. *Southern Pac. Co., supra*; *Newman* v. *Los Angeles Transit Lines, supra*; *Lafferty* v. *Market Street Ry. Co., supra*.) The controlling law is well expressed by the Supreme Court in *Sherwin* v. *Southern Pac. Co., supra* (p. 726). In that case an affidavit was filed in support of the motion for new trial which showed merely that the attorneys for the defendant were unaware that one of the jurors gave untrue answers to questions asked him on his *voir dire*. There was no allegation that this fact was not discovered afterwards during the trial and before the rendition of the verdict. In reversing the order granting a new trial the court stated: "The affidavits in support of the motion for a new trial merely show that the attorneys conducting the trial for the defendant were not aware of the facts aforesaid at the time the impanelment of the jury was completed. They do not show that they did not discover said facts afterwards during the trial and before the rendition of the verdict. It may be conceded that the conduct of the juror Horton in giving a false answer to the questions put to him constituted misconduct or irregularity on his part sufficient to warrant the granting of a new trial therefor. [Citation.] But where misconduct or irregularity of this character is relied on as ground for new trial, the affidavits of the moving party must show affirmatively that both he and his counsel were ignorant of the facts constituting the misconduct or irregularity charged until the rendition of the verdict. [Citations.] If the defendant or its attorneys had discovered these facts at any time during the trial it would have been their duty, if they desired to take advantage thereof, to apply to the court for leave to reopen the examination of the jurors, elicit the facts, and thereupon offer a challenge to the juror guilty of the misconduct. In failing to show that they did not acquire such knowledge during the course of the trial after the jury was sworn, the defendant failed to present sufficient ground for a new trial for that cause. The order granting a new trial was therefore erroneous."

Plaintiffs having failed to make the affirmative showing that neither they nor their counsel had knowledge of the misconduct relied on prior to the rendition of the verdict, the

order denying their motion for a new trial was properly made. In view of these vital lacunae, to have granted the motion would have been reversible error. (*Sherwin* v. *Southern Pac. Co., supra; Lafferty* v. *Market St. Ry. Co., supra.*)

The judgment is affirmed. The attempted appeal from the order denying the motion for new trial is dismissed.

Moore, P. J., and Ashburn, J., concurred.